**CHRISTOPHER BARTON, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

**BARTON v. GOVERNMENT OF THE VIRGIN ISLANDS**

Civ. App. No. 2004-89

District Court of the Virgin Islands

Division of St. Thomas

December 30, 2004

STEPHEN A. BRUSCH, ESQ., St. Thomas, V.I., *Attorney for appellant.*

RICHARD DAVIS, A.A.G., St. Thomas, V.I., *Attorney for appellee.*

FINCH, *Chief Judge of the District Court of the Virgin Islands*; MOORE, *Judge of the District Court of the Virgin Islands*; and DONOHUE, *Judge of the Territorial Court, Division of St. Croix, sitting by designation*

## MEMORANDUM

(December 30, 2004)

This appeal arises from a jury conviction in the Territorial Court. For the reasons delineated below, we hold that the trial court erred in admitting a critical piece of evidence without proper authentication. Accordingly, we will reverse the conviction and will remand the case to the Territorial Court with directions to enter an order dismissing the case with prejudice.

## I. FACTUAL BACKGROUND

On February 25, 2004, the appellant, Christopher Barton, was convicted of three counts of concealing a material fact from a governmental agency in violation of 14 V.I.C. § 843(2). After the trial, Barton filed post-trial motions for a judgment of acquittal, new trial and arrest of judgment, all of which were denied.

The charges against Barton arise out of a custody dispute with his ex-wife, Mirna Barton. In June 1999, Mrs. Barton filed a petition for dissolution of marriage in the Circuit Court for Broward County, Florida, which was assigned to the Honorable Robert Carney. In a report dated August 6, 1999, and filed with the Circuit Court, General Master Kaplan recommended that Mrs. Barton have primary custody of the Barton children. (App. at 8-11.) Mr. Barton filed exceptions to this report within the ten day period allowed by Florida law. (App. at 13.)

On August 24, 1999, Circuit Judge Carney signed an Order of Ratification upon Report of the General Master purporting to ratify the report "subject only to timely filed objections." (App. at 12.) This Order of Ratification was never recorded or entered in the records of the Circuit Court because of the timely exception. No order of custody was subsequently entered by Judge Carney or any other judge in the Broward County Circuit Court. (App. at 98-99.) On December 7, 1999, Mrs. Barton filed a notice of voluntary dismissal of her petition because of a reconciliation between herself and Mr. Barton.

On March 13, 2000, Barton petitioned the Family Court Division of the Territorial Court for an order granting him custody of the children and on September 7, 2000, the Territorial Court issued an order granting Mr. Barton sole physical custody of his children. (App. at 18-20.) During this custody hearing, Mr. Barton disclosed that custody proceedings in

430

Florida had been initiated but were voluntarily dismissed. After becoming aware of the Territorial Court order, Mrs. Barton filed an objection to the award of custody to Barton. In connection with these proceedings, the August 1999 General Master's report and order came to light. Mrs. Barton falsely represented to the Territorial Court that these documents were effective orders of the Florida Circuit Court granting her custody of her children. Based on Mrs. Barton's representations, the family court judge issued an order on June 14, 2001 amending its custody order and indicating that Barton had committed fraud upon the Territorial Court by not disclosing facts pertaining to the Florida proceedings. (App. at 27-29.)

This Order suggested the basis for the three criminal fraud claims against Mr. Barton. He was charged with three counts of violating 14 V.I.C. § 843(2) by failing to disclose to the Territorial Court that a Florida court had awarded physical custody of the children to Mrs. Barton. (App. at 1-2.)

At trial, the government's case presented the General Master's report and represented to the jury that it had been adopted as an order of the Broward County Circuit Court granting Mrs. Barton custody of her children. The government also attempted to prove that Mr. Barton had misrepresented this fact to the Territorial Court. Mrs. Barton testified and identified Circuit Judge Careny's Order of Ratification, purporting on its face to ratify the General Master's report, which was admitted into evidence over the objection of counsel. (App. at 35-36.) The appellant objected that the document did not bear the proper signature of authentication from the court clerk and was not admissible because it was not a self-authenticating document. (App. at 36.) The government explained that two weeks before the trial it had discovered that there was no copy of the Order of Ratification in the Florida court records. (App. at 48-49.) Additionally, the government admitted that the Florida clerk of court could not forward a certified copy of the purported Order of Ratification because the order could not be found in the Florida court records. (App. at 53.)

Mrs. Barton testified that her Florida attorney had given her a copy of the Order of Ratification. (App. at 38-39.) The trial court initially reserved ruling on the admissibility of the document, noting that "notwithstanding it has a seal, there is no certification from the Clerk of the Court which is a normal requirement for validating these

documents." (App. at 39-40.) Eventually, the trial judge admitted the document into evidence without the clerk's certification and even though it was not a self-authenticating document. The judge ruled that the document was admissible because the "witness testified about what it is purported to be." FED. R. EVID. 901(b)(1). (App. at 43-44.)

After the guilty verdict was returned by the jury, Barton filed a motion for a new trial, attaching the affidavit of Circuit Judge Carney who presided over the 1999 action in Florida. Judge Carney attested that he had reviewed the records of those proceedings and noted that the General Master had heard temporary issues and filed a report on August 9, 1999. He further attested that under Florida law, a party has ten days in which to file exceptions to such a report and that a circuit judge cannot ratify the report until the ten day period has passed. Judge Carney also confirmed that a general master has no authority to enter a court order and that the report has no effect until a circuit court judge enters a ratifying order. (App. at 98.)

Judge Carney then explained why no Order of Ratification is entered on the docket of the proceedings nor contained within the records of the Broward County Circuit Court.

> In this particular case it appears that I must have signed a Court Order ratifying the General Master's Report on August 24, 1999. My office, based on the timely filed Exceptions which were filed by the Respondent [Appellant] on August 13, 1999, would have pulled this original Court Order. At times, I would not know that timely Exception had been filed prior to signing of a ratification order.

> It appears that the original Ratified Order signed by me on August 24, 1999 was specifically not recorded based on the fact that a timely Exception had been filed. I set a hearing regarding the Exception for September 15, 199 and entered an Order denying the Exception, **but I did not enter an Order ratifying the General Master's Report.**

(App. at 99) (emphasis added.)) The judge reiterated "No Order ratifying the General Master's Report was ever entered in this matter, again no custody order was ever entered in this case by me granting any rights of custody to either parent regarding the above referenced children." (App. at 99) (emphasis in original.))

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review final judgments and orders of the Territorial Court in criminal actions that did not result from a guilty plea. *See* 4 V.I.C. § 33.[1] The standard of review in this case is abuse of discretion, the standard applied for evidentiary issues. *Government of Virgin Islands v. Pinney*, 967 F.2d 912, 914, 27 V.I. 412 (3d Cir. 1992).

## III. ANALYSIS

The critical piece of evidence in this case is the purported Order of Ratification of the Florida Circuit Court. (App. at 12.) The government admitted to the trial court that it did not receive the document from the Broward County Circuit Court Clerk and had not authenticated it as a true court order in the normal manner—i.e. obtaining a copy of the document with the seal of the court thereon and the signature of the clerk attesting that it was a true and correct court document. (App. at 61.) The government also admitted that it had not found the order in the records of the Broward County Circuit Court. (App. at 62.) Despite the many warning signs that the order was not a valid authentic record of the Florida court, the trial judge allowed the document into evidence solely based on Mrs. Barton's testimony that she was given a copy by her Florida attorney. (App. at 38-39.)

In criminal cases, there must be substantial or clear and convincing evidence that a matter is what it is claimed to be in order for the authentication requirement to be satisfied. *U.S. v. Goichman*, 547 F.2d 778, 783-84 (3d Cir. 1976). Here, the trial judge erred in ruling that the government met its burden of demonstrating the authenticity of the Order of Ratification. Mrs. Barton was not a witness with knowledge of whether the document was an valid and authentic court order. She did not prepare the document, she did not work in the clerk's office of the Florida court, and she was not present when the purported order was signed prematurely by Circuit Judge Carney. In short, she was in no position to affirm that the document was what it purported to be. Cases where testimony has been found sufficient to authenticate include those

---

[1]  *See* Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2002), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2004) (preceding V.I. CODE ANN. Tit. 1).

where the witness participated in or observed the event or is a member of an organization that generated the exhibit. *See* JOSEPH M. MCLUAGHLIN & JACK B. WEINSTEIN, WEINSTEIN'S FEDERAL EVIDENCE § 901.03(2) (2d ed. 2002). None of these circumstances cover Mrs. Barton. The most that she could testify is that she received the document from her attorney. Significantly, she did not testify where her attorney received the document. This is far from sufficient to authenticate the Order of Ratification.

The admission of the Order of Ratification was clear error because it was not properly authenticated. We will reverse the Territorial Court's ruing on the admissibility of the Order of Ratification and vacate the conviction of Barton. Given that the existence of this order was the only there is no evidence upon which a jury could find the appellant guilty. Accordingly, we will remand to the Territorial Court for entry of a judgment dismissing the case with prejudice.