

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2007

# Barton v. Curtis

Precedential or Non-Precedential: Precedential

Docket No. 06-3336

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Barton v. Curtis" (2007). *2007 Decisions.* Paper 644.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/644

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD
CIRCUIT

———

No. 06-3336

———

CHRISTOPHER BARTON

v.

WILLIAM A. CURTIS, JR., in his individual capacity,
                                              Appellant

———

On Appeal from the District Court of the Virgin Islands
(D.C. No. 05-cv-00002)
District Judge: Hon. Curtis V. Gomez

———

Argued May 7, 2007

Before: SLOVITER, STAPLETON, and VAN ANTWERPEN,
Circuit Judges

(Filed July 30, 2007)

———

Terryln M. Smock    (Argued)
Office of Attorney General of Virgin Islands
Charlotte Amalie, St. Thomas
USVI 00802

        Attorney for Appellant

Andrew C. Simpson    (Argued)
Andrew C. Simpson Law Offices
Christiansted, St. Croix
USVI 00820

        Attorney for Appellee

_____

OPINION OF THE COURT

_____

SLOVITER, <u>Circuit Judge</u>.

**I.**

        William A. Curtis, the Director of the United States
Virgin Islands Department of Justice, Special Investigations
Division, who is the defendant in a suit filed by Christopher
Bryant Barton pursuant to 42 U.S.C. § 1983, appeals from the
order of the District Court of the Virgin Islands denying his
motion for summary judgment.  Curtis argues that he is entitled
to qualified immunity because he was acting in his official
capacity in the events at issue.  Barton responds that this court
does not have jurisdiction, an issue we must address as a
preliminary matter.

**II.**

        A brief statement of the facts and procedural posture is
necessary to put the matter before us in context.  Barton and his
former wife had been involved in a custody dispute when Mrs.
Barton, on August 8, 2001, filed a complaint in the Territorial
Court of the Virgin Islands alleging that Barton had removed
their two children from the territory in violation of an order of
that court.  After investigating Mrs. Barton's report, Curtis
submitted an affidavit on January 8, 2003, to the Territorial
Court in support of probable cause to arrest Barton for violating
14 V.I.C. § 843, Fraudulent Claims Upon the Government.  The
affidavit stated that the Territorial Court awarded physical
custody to Mrs. Barton pursuant to a Florida court order (dated

2

August 24, 1999); that Barton brought his two children to the Virgin Islands in violation of the Florida court order; and that the Territorial Court found that Barton made "fraudulent misrepresentations of fact[ ]" when he successfully petitioned the court for sole custody of his two children on September 11, 2000. App. at 87-89.

Barton was arrested in South Carolina on a fugitive warrant and was sent to the Virgin Islands where he was tried in 2004 on three counts of "knowingly and willfully conceal[ing] a material fact from a government agency" in violation of 14 V.I.C. § 843(2). App. at 83-84. Specifically, the charge was that he had failed to inform the Territorial Court "that in August of 1999, he had been ordered by a Florida court and/or general master of said court," (1) "to return his children to the state of Florida," (2) "to relinquish the physical custody of his two children to the children's mother," and (3) "not to leave Broward County, Florida with his children." App. at 83-84.

On February 25, 2004, Barton was convicted by a jury on all three counts and was sentenced to imprisonment. However, on December 30, 2004, the District Court Appellate Division reversed Barton's conviction. Barton v. Gov't of the V.I., No. Civ.A.2004-89, 2004 WL 3048845 (D.V.I. Dec. 30, 2004). The Appellate Division relied heavily upon an affidavit submitted by Judge Robert Carney, the Florida judge assigned to Barton v. Barton, Case No. 99-8422 (37) (93), who stated that:

> NO Order ratifying the General Master's Report was ever entered in this matter, again, NO Custody Order was ever entered in this case by me granting any rights of custody to either parent regarding the above referenced children.

App. at 77.

Thereafter, Barton filed this action in the District Court of the Virgin Islands, claiming that Curtis, in his individual capacity, violated 42 U.S.C. § 1983 "by denying him due process under the law and his right to liberty." Curtis' Br. at 3. On August 22, 2005, Curtis filed a motion for summary

3

judgment on the basis of qualified immunity. After the District Court held a hearing, it concluded that there were material facts in dispute and denied Curtis' motion for summary judgment. Specifically, the District Court found that whether Curtis knowingly or recklessly presented false information to the Territorial Court in his affidavit in support of probable cause is a material issue of fact to be determined by the jury. Curtis then filed a notice of appeal.[1]

## III.

Under the collateral order doctrine established by the Supreme Court, there is interlocutory appellate jurisdiction over orders that fall into "that small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). In Mitchell v. Forsyth, 472 U.S. 511, 528 (1985), the Supreme Court held that a claim of qualified immunity is reviewable on interlocutory appeal under Cohen where "(1) the defendant was a public official asserting a defense of 'qualified immunity,' and (2) the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of 'clearly established' law." Johnson v. Jones, 515 U.S. 304, 311 (1995) (citing Mitchell, 472 U.S. at 528).

We summarized the applicable principles in Schieber v. City of Philadelphia, 320 F.3d 409 (3d Cir. 2003), where we stated:

> This Court has jurisdiction to review a District Court order denying qualified immunity at the summary judgment stage under the collateral order

---

[1] This Court has jurisdiction under 28 U.S.C. § 1291 over all appeals from final orders issued in the District Court of the Virgin Islands.

4

doctrine to the extent that the denial turns on questions of law. <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 527-28. . . . We have no jurisdiction, however, in an interlocutory appeal to review a District Court's determination that there is sufficient record evidence to support a set of facts under which there would be no immunity.

<u>Id.</u> at 415 (internal citation omitted).

This court exercises plenary review of questions of law appealed pursuant to the collateral order doctrine. <u>Id.</u> In reviewing a denial of summary judgment, this court must view the facts in the light most favorable to the nonmoving party, appellant Barton. <u>See, e.g.</u>, <u>Kopec v. Tate</u>, 361 F.3d 772, 775 (3d Cir. 2004).

Barton argues that we do not have jurisdiction because the District Court denied Curtis' motion for summary judgment on the ground that there is a genuine dispute as to material facts. He relies in part on the Supreme Court's decision in <u>Johnson v. Jones</u>, where the Court limited "interlocutory appeals of 'qualified immunity' matters to cases presenting more abstract <u>issues of law</u>." 515 U.S. at 317 (emphasis added). In <u>Johnson</u>, the police officer defendants moved for summary judgment claiming that they were not present at and were not participating in the beating of the plaintiff; and asserting qualified immunity. <u>Id.</u> at 307. The District Court denied summary judgment, holding that there was "sufficient circumstantial evidence supporting [the plaintiff's] theory of the case." <u>Id.</u> (internal quotation marks omitted). The Court of Appeals for the Seventh Circuit held that it did not have jurisdiction over the interlocutory appeal and the Supreme Court affirmed its dismissal of the appeal. <u>Id.</u> at 308, 320. The <u>Johnson</u> Court balanced the competing considerations that underlie questions of finality. <u>Id.</u> at 315. It observed that determining whether a genuine issue of material fact exists is the sort of question that a trial judge confronts regularly and that "appellate judges enjoy no comparative expertise in such matters." <u>Id.</u> at 316. The Court also noted that determining whether a record demonstrates a "genuine" issue of fact at trial "can consume inordinate

5

amounts of appellate time."  <u>Id.</u>

In <u>Johnson</u>, the Court quoted from <u>Mitchell</u> with respect to the separable requirement of <u>Cohen</u>, stating:

> it follows from the recognition that qualified immunity is in part an entitlement not to be forced to litigate the consequences of official conduct that a claim of immunity is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated.

<u>Johnson</u>, 515 U.S. at 312 (emphasis omitted) (quoting <u>Mitchell</u>, 472 U.S. at 527-28).

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  The Supreme Court has set forth a two-step objective reasonableness test to determine whether qualified immunity should be granted.  <u>Saucier v. Katz</u>, 533 U.S. 194, 200-01 (2001); <u>see also</u> <u>Kopec</u>, 361 F.3d at 776. "First, the court must consider whether the facts alleged, taken in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right."  <u>Kopec</u>, 361 F.3d at 776 (citing <u>Saucier</u>, 533 U.S. at 201).  If "'a violation could be made out on a favorable view of the parties' submissions,'" the court must determine "'whether the right was clearly established.'" <u>Id.</u> (quoting <u>Saucier</u>, 533 U.S. at 201).  "'The relevant dispositive inquiry' in making this determination is 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'"  <u>Id.</u> (quoting <u>Saucier</u>, 533 U.S. at 202).

Reasonableness under the second factor is an issue of law for the district court to determine; however, if there are facts material to the determination of reasonableness in dispute, then that issue of fact should be decided by the jury.  <u>Sharrar v. Felsing</u>, 128 F.3d 810, 826-28, 832 (3d Cir. 1997) (citing <u>Hunter v. Bryant</u>, 502 U.S. 224 (1991)) (holding, on appeal from a final

judgment, that a jury must decide whether "relevant historical facts" are disputed and, if so, determine whether defendants are entitled to qualified immunity).

## IV.

Following these precedents, the District Court in this case approached the issue of qualified immunity as a two-part test, as set forth in <u>Saucier</u>. First, the Court heard arguments on whether, taking the facts in the light most favorable to Barton, Curtis violated Barton's Fourth Amendment right to be free from arrest without probable cause. The parties do not dispute that this right is clearly established.

As to the second step, Barton's complaint alleged that Curtis' affidavit, which was the basis for the Territorial Court's issuance of a warrant for Barton's arrest, contained evidence that Curtis knew to be false "and nevertheless deliberately made them or he acted with reckless disregard for the truth." Barton's Compl. at 2. In support of this claim, Barton argues that Curtis stated in his affidavit "[t]hat . . . Barton in an effort to deceive the court, withheld the fact that this matter of custody had been brought before a Florida Court," App. at 89, even though, before submitting that affidavit, Curtis had reviewed the transcript of the custody hearing, at which Barton had in fact disclosed the prior proceedings in Florida and North Carolina. Moreover, Barton supports his allegation that Curtis' actions were either "knowing" or "reckless" by submitting evidence that there was no prior award of custody to Mrs. Barton, as the Florida "order" on which Curtis relied was by a master and had never been entered by Judge Carney, the Florida judge.

We do not decide at this preliminary stage of the proceedings whether Curtis' interpretation of the facts discovered in his investigation of Barton, as he presented them in his affidavit in support of probable cause, was objectively reasonable or unreasonable. The District Court next needed to determine, as a matter of law, whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Kopec</u>, 361 F.3d at 776. During the motion hearing on the summary judgment, the District Court noted that,

7

taking the facts in the light most favorable to the plaintiff, a determination of whether or not Curtis acted recklessly or knowingly would be more appropriately one for a jury.

We note that the issue as to whether Curtis knowingly or recklessly presented false information to the Territorial Court is the basis of Barton's claim that Curtis violated 42 U.S.C. § 1983. Thus, the disputed issue of fact is inseparable from the legal question of qualified immunity. See Johnson, 515 U.S. at 312.

Because the District Court denied summary judgment on the ground that there is a material issue of fact to be determined by the jury, the order falls within Johnson and is one of the limited instances in which this Court does not have jurisdiction to hear an appeal of summary judgment in a 42 U.S.C. § 1983 cause of action where the defendant is asserting qualified immunity.[2]  We will therefore dismiss this appeal for lack of jurisdiction.[3]

---

[2]  See 19 Moore's Federal Practice § 202.07[2][b][iii][A] (Matthew Bender 3d ed.) ("[T]he district court might have denied a defendant's motion for summary judgment because of the existence of a genuine factual dispute about what occurred.  For example, under the plaintiff's version of the facts immunity might be inapplicable, while under the defendant's version of the facts immunity would apply.  In such a case, the court of appeals cannot decide the immunity issue as a matter of law, since the applicability of the defense will depend on what facts are found after a trial.  In effect, an interlocutory appeal would require the circuit court to consider an issue that is not separate from the factual merits of the case.").

[3]  Curtis argues that the § 1983 claim against him must be dismissed because he was acting in his official capacity and therefore the action cannot be maintained against him.  Barton's suit names Curtis in his individual capacity.  The Supreme Court has held that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983."  Hafer v. Melo, 502 U.S. 21, 31 (1991).  The District Court did not reach this issue and because it does not present an issue of qualified immunity

appropriate for interlocutory appeal, we will not address it.