OPINION OF THE COURT
FUENTES, Circuit Judge:
Christopher Barton brought this action against William Curtis, Jr., an investigator for the United States Virgin Islands Department of Justice (“DOJ”). Barton alleges that Curtis, while investigating a complaint against Barton that Barton’s ex-wife had filed with the DOJ, recklessly misrepresented facts in an affidavit Curtis submitted in an effort to obtain a warrant for Barton’s arrest. The District Court granted Curtis’s motion for summary judgment, finding that he was entitled to qualified immunity. We will affirm.[1]
I.
This case has its genesis in a dispute between Barton and his ex-wife, Mirna Barton (“Mirna”), over the custody over their two children. Barton initially commenced child custody proceedings in North Carolina, but the North Carolina court subsequently relinquished its jurisdiction over the matter to the Florida court system, where Mirna had separately commenced custody proceedings.
A custody hearing before a special master in Florida took place, following which the special master issued a series of “findings and recommendations” dated August 6, 1999. In his findings, the special master determined that Barton had “unresolved drug problems[,] ... [and] questionable fitness as a parent,” and that Barton had interfered with Mima’s ability to visit the children. (J.A. 99.) The special master thus recommended that the children be returned to Florida to be reunited with their mother, and that Barton and Mirna have joint custody, with Mirna to act as primary residential parent. On August 24, 1999, a Florida judge, the Hon. Robert Carney, entered an order ratifying and approving the master’s findings, “subject only to timely filed objections.” (J.A. 96.) Barton apparently filed a timely objection, although this filing does not appear in the record before us. As Judge Carney stated in an affidavit drafted years after these events took place, the fact that Barton filed an objection meant that the ratification contemplated in the August 24, 1999 order never actually occurred.
In August 1999, Barton moved with his children to the Virgin Islands.[2] Seven months later, Barton filed a petition with the Virgin Islands Territorial Court to get custody of the children. In his petition, Barton referenced the Florida proceedings, stating that he believed Mirna had dropped the matter in order to reconcile with Barton, and further stating that he was a “fit and proper person to be awarded custody.” (J.A. 110.) In September 2000, the Territorial Court granted Barton sole physical custody of his children.
When she became aware of the Territorial Court order, Mirna filed an objection, producing the special master’s findings *637 and recommendations and stating—incorrectly, it turns out—that the document was a valid order of the Florida court. The Territorial Court amended its prior order and granted joint custody to Barton and Mirna, with Mirna to act as primary residential parent. The Territorial Court further determined that Barton had committed fraud upon the court by making numerous statements and omissions it found to be false, including Barton’s failure to inform the court that he had been “ordered” by the special master to return the children to Florida in the same month that he moved them to the Virgin Islands. (J.A. 91.)
Pursuant to a complaint Mirna filed with the DOJ, Curtis, an investigator for the DOJ, launched an investigation into Barton’s alleged fraud. After reviewing the Territorial Court file, Curtis drafted an affidavit in support of an application for an arrest warrant for Barton. The affidavit stated that the Florida court’s custody award made Mirna the primary residential parent of the two children, and it referenced the special master’s findings concerning Barton’s drug use and questionable parental fitness. The affidavit further stated that Barton took the children to the Virgin Islands in violation of a court order, and that Barton had made false representations to the Territorial Court by failing to inform it of the special master’s findings concerning his drug use and questionable parental fitness.[3]
A warrant was issued and Barton was arrested, charged, and ultimately found guilty of violating a Virgin Islands statute which makes it illegal to make false statements to the government. Barton’s conviction was overturned on appeal. The appellate court determined that the trial court had improperly admitted the special master’s findings and had incorrectly characterized them as an order of the Florida court; as an affidavit of Judge Carney, the Florida judge, made clear, the findings never actually were ratified given that Barton had filed timely objections. Significantly, neither this affidavit, nor the objections Barton filed with the Florida court, were in the Territorial Court file Curtis reviewed when preparing the affidavit that served as the basis for Barton’s arrest.
Barton brought this suit against Curtis pursuant to 42 U.S.C. § 1983, alleging that his arrest was obtained by false statements and reckless omissions in Curtis’s affidavit. In particular, Barton alleges that Curtis misrepresented the nature of the special master’s findings and them legal significance. The District Court granted Curtis’s motion for summary judgment, concluding that although Curtis’s investigation could have been more thorough, Barton’s evidence failed to show that Curtis’s affidavit exhibited a reckless disregard for the truth.[4] The district court further found that even if Curtis had shown a reckless disregard for the truth, *638 Curtis’s affidavit, cured of the deficiencies Barton identified, would still support a finding of probable cause.
II.[5]
“Government officials are immune from suit in their individual capacities unless, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer’s conduct violated a constitutional right and the right was clearly established at the time of the objectionable conduct.” Giles v. Kearney, 571 F.3d 318, 325 (3d Cir.2009) (internal quotations and citations omitted). There is no question that the right at issue herein has long been clearly established: if an officer “recklessly disregard^] the truth in his warrant application, and [if] ... a warrant application based on what [the officer] should have told the judge would have lacked probable cause,” then that officer has violated the arrestee’s clearly established Fourth Amendment rights. Wilson v. Russo, 212 F.3d 781, 786 (3d Cir.2000) (emphasis omitted). The question here is whether the District Court correctly concluded that the evidence failed to establish that Curtis recklessly disregarded the truth in his warrant application.
We agree with the District Court’s conclusion. The crux of Barton’s argument concerning Curtis’s alleged recklessness is that Curtis, in reviewing the Territorial Court file, should have recognized that Judge Carney’s August 1999 order, which, in effect, granted custody of the children to Mirna, did not have the force of law. Barton suggests that Curtis should have known that the order, which expressly adopted the recommendations contained in the special master’s report, became invalid when Barton filed an objection—even though the objection does not appear in the Territorial Court record.
We cannot agree. We have explained that “assertions [in warrant applications] are made with reckless disregard for the truth when an officer has obvious reasons to doubt the truth of what he or she is asserting,” and that this “standard is similar to the actual malice standard set forth in First Amendment defamation claims.” United States v. Yusuf, 461 F.3d 374, 383 (3d Cir.2006) (citation omitted, emphasis added). We see no basis whatsoever, let alone an “obvious” basis, for Curtis to have discerned from the Territorial Court file that Burton filed an objection that altered the legal status of Judge Carney’s order. Id. Indeed, both Curtis and the Territorial Court judge reached the same conclusion from the plain language of the Florida court’s order: that the Florida court had made Mirna the primary residential parent on account of, among other things, Barton’s drug use and parental unfitness, and that Barton was required under the terms of the order to return his children to Florida. While we now know that the Florida court’s order became invalid as a result of Barton’s objection, the Territorial Court record available to Curtis did not disclose this fact, and nothing in the record before us suggests that Curtis had “obvious reasons to doubt the truth of [the assertions]” in his warrant application. Id. We therefore agree with the District Court that Curtis is entitled to qualified immunity.
*639 hi.
For the foregoing reasons, we will affirm the District Court’s grant of summary judgment.

. The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

. The parties dispute whether Barton moved to the Virgin Islands in anticipation of the Florida court's ratification of the special master's findings or for another reason. This dispute is not material for purposes of the matter before us.

. Curtis's affidavit did not mention the Territorial Court’s finding that Barton had failed to inform it that the North Carolina court had relinquished jurisdiction over the custody matter to the Floi ida court or that the North Carolina court’s award of temporary custody was no longer valid. These findings were not accurate, as Barton appears to have informed the Territorial Court of these facts.

. The District Court denied Curtis’s first motion for summary judgment, finding that disputed questions of fact foreclosed a determination as to qualified immunity at that time. We determined in Barton v. Curtis, 497 F.3d 331 (3d Cir.2007), that we did not have jurisdiction over Curtis’s interlocutory appeal of this first summary judgment order.

. We review the District Court’s grant of summaty judgment de novo and apply the same standard as the District Court. See MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir.2005). Summary judgment is appropriate where the movant establishes that there are no material issues of fact, and that he is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c).