NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3966
_____

VICTORIA GEIST, Motion and Natural Guardian of K.W., a Minor

v.

JASON AMMARY; CITY OF ALLENTOWN


Jason Ammary,
                                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 5-11-cv-07532)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 14, 2015
_____

Before: SMITH, GREENAWAY, JR., and SHWARTZ, *Circuit Judges*.

(Opinion Filed: July 16, 2015)


_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Jason Ammary ("Ammary") appeals an order of the District Court denying his motion for summary judgment on Appellee Victoria Geist's § 1983 claims. Ammary argues that the District Court erred in denying summary judgment on the basis of qualified immunity.[1] For the reasons set forth below, we conclude that we lack jurisdiction to consider this interlocutory appeal. Accordingly, the appeal will be dismissed.

## I. Background

Geist brought this action on behalf of her daughter, K.W. Geist's excessive force and failure-to-train claims stem from a physical altercation during which Ammary deployed his Taser on K.W. As the District Court noted throughout its opinion, the underlying events are largely in dispute. As it was required to do, however, the District Court drew "'all justifiable inferences' in favor of [Geist]." *Geist v. Ammary*, 40 F. Supp. 3d 467, 474 (E.D. Pa. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). In this interlocutory appeal, "we must accept the District Court's set of facts as given." *Walker v. Horn*, 286 F.3d 705, 707 (3d Cir. 2002).

At the time of the incident, K.W. was a fourteen-year-old student at Allen Dieruff High School ("Dieruff") in Allentown, Pennsylvania. Ammary, an Allentown police officer, was assigned as a School Resource Officer at Dieruff at the time. On the afternoon of September 29, 2011, K.W. was walking with two friends in a street near

---

[1] The District Court also denied Ammary's motion for summary judgment on the merits. Ammary does not appeal that ruling here.

2

Dieruff after students at the school had been dismissed for the day. At the same time, Ammary and several school security officers were instructing students to disperse and to move out of the roadway.[2] K.W. avers that she did not hear Ammary tell her to leave the street.

As K.W. was walking towards the sidewalk in compliance with the instructions of the security officers to disperse,[3] Ammary approached her from behind and grabbed her arm.[4] K.W. did not observe that Ammary was a police officer until after he had grabbed her arm. K.W. pulled away and continued walking. Ammary approached K.W. again and grabbed both of her arms and pushed her against a car where a struggle ensued. K.W. tried to turn her body around to face Ammary and to ascertain why he was arresting her. Ammary responded by putting his forearm on her neck. K.W. could not breathe and

---

[2] Ammary testified that the officers were instructing students to disperse because there were large groups of students gathered on the school grounds after school and they appeared to be ready to fight. K.W., however, testified that she did not observe any large groups of students gathered nor did she know of any students planning to fight.

[3] Ammary testified that after he instructed the students to move out of the street, K.W. and two females remained in the middle of the street and uttered profanities to incite the crowd of students.

[4] In his police report, Ammary stated he initially approached K.W. from behind, grabbed both of her arms, and notified her that she was under arrest. However, in his deposition testimony, Ammary claimed he first approached K.W. from the front, and did not intend to arrest K.W. when he first grabbed her wrist, but instead intended to pull her off to the side of the street.

attempted to move Ammary's arm from her neck. She denies hitting Ammary at any point during the incident.[5]

At some point, Ammary stepped away from K.W. K.W. testified that she stopped resisting after Ammary let go of her and put her hands up when he stepped away from her.[6] Ammary then deployed his Taser in K.W.'s lower abdominal area and groin.[7] K.W. testified that after she fell to the ground from the Taser, Ammary ordered her to roll onto her stomach to be handcuffed, pushing the Taser barbs further into her body.[8]

## II. Discussion

As a threshold matter, we must determine whether we have jurisdiction to hear this appeal.[9] As a general rule, we only have jurisdiction of appeals from "final decisions of the district courts." 28 U.S.C. § 1291. "[I]nterlocutory appeals—appeals before the end of district court proceedings—are the exception, not the rule." *Johnson v. Jones*, 515 U.S. 304, 309 (1995).

---

[5] Ammary disputes K.W.'s testimony and claims that K.W. violently resisted arrest and assaulted Ammary's head and body with her forearm and elbows.

[6] Ammary maintains that K.W.'s hands were not raised when he deployed his Taser.

[7] Ammary claims that he was forced to aim the Taser towards K.W.'s lower torso because K.W.'s backpack had fallen in front of her body. K.W., however, claims that her backpack remained on her back throughout the incident.

[8] Ammary denies that he ordered K.W. to roll onto her stomach and claims she remained on her side.

[9] The District Court had jurisdiction under 28 U.S.C. § 1331. We have "jurisdiction to determine [our] own jurisdiction," *United States v. Ruiz*, 536 U.S. 622, 628 (2002), and "exercise de novo review over an argument alleging a lack of appellate jurisdiction," *Montanez v. Thompson*, 603 F.3d 243, 248 (3d Cir. 2010).

An established exception to the general rule applies for certain denials of qualified immunity. This exception arises under the collateral order doctrine. *Mitchell v. Forsyth*, 472 U.S. 511, 525–26 (1985).[10] This Court has determined that the "denial of qualified immunity falls within the collateral-order doctrine only to the extent the denial turns on an issue of law." *In re Montgomery Cnty.*, 215 F.3d 367, 373 (3d Cir. 2000); *see also Doe v. Groody*, 361 F.3d 232, 237 (3d Cir. 2004). If the denial of qualified immunity instead turns on "a factual dispute," we lack jurisdiction over a related appeal. *Groody*, 361 F.3d at 237; *Ziccardi v. City of Phila.*, 288 F.3d 57, 61 (3d Cir. 2002) (holding that "we lack jurisdiction to consider whether the district court correctly identified the set of facts that the summary judgment record is sufficient to prove"); *Johnson*, 515 U.S. at 319–20 (denying appellate jurisdiction to review a district court's determination of whether a dispute of fact is "genuine").

Thus, our jurisdiction to review the District Court's order denying summary judgment here depends on whether "the . . . appeal raises pure questions of law or whether it challenges the District Court's determination of which facts were sufficiently supported by evidence." *Blaylock*, 504 F.3d at 409.

Ammary's appeal does not raise a pure question of law. The District Court began its qualified immunity analysis by correctly stating that Ammary's entitlement to

---

[10] "Under the collateral order doctrine, an interlocutory order of a district court may be treated as a 'final decision' if it: '(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment.'" *Blaylock v. City of Phila.*, 504 F.3d 405, 408 (3d Cir. 2007) (alterations in original) (quoting *Johnson*, 515 U.S. at 310).

5

qualified immunity hinges on whether a "'reasonable officer[] in the defendant['s] position at the relevant time could have believed, in light of what was in the decided case law, that [his] conduct was lawful.'" *Geist*, 40 F. Supp. 3d at 485 (quoting *Giuffre v. Bissell*, 31 F.3d 1241, 1255 (3d Cir. 1994)). It further stated that, "'[r]easonableness under the second factor . . . is an issue of law for the district court to determine; however, if there are facts material to the determination of reasonableness in dispute, then that issue of fact should be decided by the jury.'" *Id.* (quoting *Barton v. Curtis*, 497 F.3d 331, 335 (3d Cir. 2007)).[11]

Here, the District Court expressly found that there are several such "facts material to the determination of reasonableness [that] remain in dispute . . . . [and] should be resolved by a jury, not the court." *Id.* Under Geist's version of the facts, Ammary was not faced with the threat of a crowd of students ready to fight, K.W. did not assault Ammary, K.W.'s hands were raised when Ammary deployed his Taser, and K.W. was ordered to roll onto her stomach. However, under Ammary's view of the facts, there was a large crowd of students ready to fight and K.W. attempted to incite the crowd, resisted

---

[11] Ammary argues that "[t]he District Court misapplied the standard for the application of qualified immunity" because it considered whether "a combative *juvenile* was entitled to heightened protections from Taser use under the Fourth Amendment." Ammary's Jurisdictional Mem. at 6 (emphasis added). However, the District Court concluded that there was no caselaw that addressed that issue, and instead based its denial of summary judgment on several unresolved issues of fact material to the reasonableness determination. The District Court found that "[t]hese [factual] disputes should be resolved by a jury, not the court." *Geist*, 40 F. Supp. 3d at 485. In light of the District Court's conclusion that the objective reasonableness of Ammary's actions is a matter of factual dispute, Ammary's appeal does not present a pure question of law, and we have no jurisdiction to resolve such issues at this stage.

arrest, assaulted Ammary, did not have her hands raised when Ammary deployed his Taser, and was not ordered to roll onto her stomach. Furthermore, the District Court concluded that there were genuine disputes of material fact regarding: (1) "whether a threat of safety was posed to Officer Ammary"; (2) "how dangerous [K.W.] appeared to be"; (3) "what types of warnings were given to Ms. K.W. before force was applied"; and (4) "whether [K.W.] was actively resisting [Ammary's] commands at the time she was tased." *Id.* at 480. The District Court therefore concluded that summary judgment is inappropriate at this stage.

On appeal, Ammary argues that his actions did not violate clearly established law and were objectively reasonable. However, the District Court found that the parties' actions and the circumstances surrounding those actions are in dispute and go to the heart of Ammary's immunity claim. Further, Ammary's appeal is premised on a different view of the facts than the one assumed by the District Court. *Compare, e.g.*, Appellant Br. at 37, 41 (asserting that "K.W. actively assaulted Officer Ammary" and that it was "reasonable for [Ammary] to believe that he [wa]s being assaulted"); *with Geist*, 40 F. Supp. 3d at 478–80 (noting that whether K.W. struck Ammary was an unresolved dispute of material fact).[12]

---

[12] Ammary also claims that a surveillance video that was submitted as part of the motion for summary judgment conclusively resolves some of the disputed issues of material fact, such as whether K.W. struck Ammary in the head. However, this conclusion is at odds with the District Court's finding that the video "does not resolve one way or the other facts being disputed regarding the excessive force claim." *Geist*, 40 F. Supp. 3d at 478. Accordingly, we have no jurisdiction to entertain K.W.'s contrary factual claims on appeal.

Under these circumstances, we do not have jurisdiction to consider Ammary's interlocutory appeal. *See Barton*, 497 F.3d at 336 ("Because the District Court denied summary judgment on the ground that there is a material issue of fact to be determined by the jury, the order . . . is one of the limited instances in which this Court does not have jurisdiction to hear an appeal of summary judgment in a 42 U.S.C. § 1983 cause of action where the defendant is asserting qualified immunity.").

### III. Conclusion

For the foregoing reasons, we will dismiss this appeal for lack of jurisdiction.