**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3402
_____

DANIEL J. FRIED

v.

NEW JERSEY STATE POLICE;
STATE TROOPER SR TETZLAFF, in his official & personal capacity;
STATE TROOPER BP OLIVER, in his official & personal capacity;
STATE TROOPER PE BROWN, in his official & personal capacity;
JOSEPH R. FUENTES, SUPERINTENDENT COLONEL
in his official & personal capacity; EAGLESWOOD TOWNSHIP;
SOUTHHAMPTON TOWNSHIP

Trooper Tetzlaff,

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 1-11-cv-02578)
District Judge: Hon. Renee M. Bumb
_____

Submitted Under Third Circuit LAR 34.1(a)
July 16, 2015
_____

Before: SMITH, GREENAWAY, JR., and SHWARTZ, Circuit Judges.

(Filed: July 16, 2015)
_____

OPINION*

_____

SHWARTZ, Circuit Judge.

New Jersey State Police Trooper Scott Tetzlaff appeals from the District Court's summary judgment order denying him qualified immunity and permitting Daniel Fried's § 1983 excessive force claim against him to proceed to trial. Because the District Court's decision was based on the existence of a genuine dispute of fact, we lack appellate jurisdiction under the collateral-order doctrine and will dismiss Tetzlaff's appeal.

I

On November 20, 2010, Fried experienced a diabetic emergency while driving on New Jersey Route 72, and Tetzlaff and another trooper, Paul Brown, were dispatched to respond to reports of Fried's erratic driving. Brown arrived first and found Fried pulled to the side of the road in a state of confusion. When Tetzlaff arrived, Brown told Tetzlaff "he couldn't get a straight answer out of [Fried] and advised that [Fried] may be intoxicated." App. 36. What happened next is not entirely clear: Fried claims that he does not recall his interaction with the troopers, and the video recorder in Tetzlaff's car captured audio, but not video, of the encounter because Fried and the troopers were out of camera range. In the recording, one of the troopers can be heard telling Fried to "stop resisting," Fried can be heard loudly screaming, and Tetzlaff can be heard stating that he jumped on Fried. Supp. App. (video recording) at 1:30-1:45. After the struggle, Brown

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

and Tetzlaff subdued Fried and took him into custody. Fried claims that the troopers "beat[]" him and that he sustained injuries. App. 70.

Fried filed a complaint in the District Court asserting claims against Tetzlaff, among others, for excessive force pursuant to 42 U.S.C. § 1983.[1] The District Court initially granted Tetzlaff's motion for summary judgment, reasoning that he was entitled to qualified immunity "[i]n light of what Tetzlaff encountered and his need for split-second judgments." App. 26. At oral argument on other pretrial motions, however, "it became clear that there was general confusion as to the exact nature of [Fried's] excessive force claim with respect to . . . Trooper Tetzlaff." App. 60. Having confirmed that Fried's argument was "that he was 'beaten' by the officers" as they subdued him, App. 70, the District Court vacated in part its earlier summary judgment ruling, concluding that it was "now evident that [Fried] has alleged and has set forth evidence," including the video recording, "to support his contention that the extent of the force applied during the struggle between the Troopers and [Fried] is unclear," App. 71. The District Court reasoned that, "[b]ecause a jury must resolve the issues of fact with respect to what happened during the struggle, this Court cannot render a decision on qualified immunity as to Trooper Tetzlaff at this time." App. 77.

---

[1] The District Court granted summary judgment on Fried's § 1983 claims for deliberate indifference to a serious medical need and state-created danger and dismissed his assault and battery claims for failure to file a tort claim notice as required under New Jersey law.

Despite being informed by the District Court that its ruling did not constitute "an immediately appealable collateral order," App. 78 n.9, Tetzlaff appeals, challenging the District Court's decision to postpone ruling on qualified immunity until trial.[2]

II

Generally, our appellate jurisdiction under 28 U.S.C. § 1291 is limited to appeals from district courts' final orders. Section 1291 also permits us to review "certain collateral orders . . . because they finally determine claims of right too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Forbes v. Twp. of Lower Merion, 313 F.3d 144, 147 (3d Cir. 2002) (internal quotation marks and alteration omitted). Orders immediately appealable under this "collateral-order doctrine" include the denial of a defendant's motion for summary judgment on qualified immunity grounds, "because the entitlement [to qualified immunity] is an immunity from suit rather than a mere defense to liability and is effectively lost if a case is erroneously permitted to go to trial." Id. (internal quotation marks and alterations omitted). Such appeals may be taken, however, only to the extent that the defendant's purported entitlement to qualified immunity turns on an issue of law. Id. We may not consider on an interlocutory appeal "whether the district court correctly identified the set of facts that the summary judgment

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have "jurisdiction to determine [our] own jurisdiction," United States v. Ruiz, 536 U.S. 622, 628 (2002), and "exercise de novo review over an argument alleging a lack of appellate jurisdiction," Montanez v. Thompson, 603 F.3d 243, 248 (3d Cir. 2010).

record is sufficient to prove" or entertain an argument "that a trial judge erred in denying a qualified-immunity summary-judgment motion because the judge was mistaken as to the facts that are subject to genuine dispute." Id. (internal quotation marks omitted).

Tetzlaff attempts to evade application of this principle by asserting that he "does not challenge the District Court's factual findings," but rather "challenges its determination that, as a matter of law, [he] was not entitled to qualified immunity." Appellant Br. 11. This characterization ignores the reason that the District Court declined to grant Tetzlaff qualified immunity: disputed issues of fact remain concerning the extent of force Tetzlaff used to restrain Fried, rendering it unable to determine whether Tetzlaff could avail himself of qualified immunity. Cf. Barton v. Curtis, 497 F.3d 331, 336 (3d Cir. 2007) ("Because the District Court denied summary judgment on the ground that there is a material issue of fact to be determined by the jury, the order . . . is one of the limited instances in which this Court does not have jurisdiction to hear an appeal of summary judgment in a 42 U.S.C. § 1983 cause of action where the defendant is asserting qualified immunity."). Because the District Court's decision turned on its determination that a factual issue remained in dispute, we lack appellate jurisdiction.

## III

For the foregoing reasons, we will dismiss this appeal.[3]

---

[3] Accordingly, we will also deny Fried's motion to "quash" the appeal as moot.